(26 Civ. Proc. R. 188; 19 Misc. Rep. 421.)

## SHAPED SEAMLESS STOCKING CO. v. SNOW-CHURCH CO.

(City Court of New York, General Term. February 23, 1897.)

RECEIVERS—SUBSTITUTION AS PARTY IN PENDING ACTION.

It is a proper exercise of discretion to deny a motion by a receiver of a corporation, appointed at· the instance of a judgment creditor, to be substituted as plaintiff in a pending action by the corporation, where the corporation has not been dissolved and its attorney has a larger interest than it has in the action.

Appeal from special term.

Action by the Shaped Seamless Stocking Company against the Snow-Church Company. From an order denying a motion by a receiver of plaintiff, appointed after commencement of the action, to be substituted as plaintiff, the receiver appeals. Affirmed.

Argued before VAN WYCK, C. J., and O'DWYER, J.

Thomas Gilleran, for appellant.

James Flynn, for respondent.

VAN WYCK, C. J. The appeal is from an order denying the receiver's motion to be substituted as plaintiff herein, and to amend the complaint by setting up his appointment, since the commencement of this action, in an action, not by the attorney general, on behalf of the people, for the dissolution of the corporation, but by a judgment creditor for the sequestration of its property. The appointment of a receiver of a corporation or of its property does not work its dissolution, nor prevent it from joining in litigation affecting its indebtedness and being bound by an adjudication therein. However, it is otherwise of dissolution, for, after judgment dissolving a corporation and appointing a receiver, an action cannot be commenced against it by service of process on an officer. The record in this case does not show dissolution, and the receiver's application to be substituted as plaintiff comes within the provisions of section 756 of the Code, under which an order of substitution is usually granted; but it is discretionary, and the court may withhold it. Here the withholding of the order was a proper exercise of this discretionary power of the court, for the uncontradicted proof shows that the plaintiff's attorney has a much larger money interest in the recovery than the plaintiff or its receiver, and tends to show that the attorney for defendant herein was instrumental in having the receiver appointed of the property of the plaintiff herein, and, although this may in no way influence the action of the receiver, still it indicates such an interference by defendant in the affairs of the plaintiff as may be injurious to plaintiff's cause at the trial, and especially as plaintiff's attorney has a greater interest in the recovery than plaintiff.

Order affirmed, with costs.

O'DWYER, J., concurs.